UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RVC FLOOR DÉCOR, LTD,

       Plaintiff,       **REPORT AND RECOMMENDATION**

                 CV 19-4894 (DRH)(ARL)

  -against-

FLOOR AND DÉCOR OUTETS OF AMERICA, INC.,

       Defendant.

-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  RVC Floor Décor, Ltd. ("Plaintiff") brought this action against Defendant Floor and Decor Outlets of America, Inc. ("Defendant") asserting claims for unfair competition pursuant to 15 U.S.C. §1125(a) and common law infringement, dilution, and misappropriation of Plaintiff's trademark in connection with Defendant's marketing efforts. Before the Court, on referral from District Judge Hurley, is Defendant's motion, pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) (2), for attorney's fees. For the reasons set forth below, the Court respectfully recommends that the motion be denied.

**BACKGROUND**

  The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motion.

  Plaintiff filed the complaint in this action on August 27, 2019. ECF No. 1. The complaint was substantially similar to a proposed First Amended Complaint that Plaintiff was unable or unwilling to file in an earlier pending action relating to the same subject matter and

between the same parties.[1]  *See RVC Floor Decor, Ltd. v. Floor & Décor Outlets of Am., Inc.*, No. 18-cv-6449.  On December 21, 2019, Defendant moved to dismiss Plaintiff's complaint as duplicative of the case already proceeding before this Court, and as an attempt to circumvent the Court's orders in that action.  ECF No. 15.  Judge Hurley granted Defendant's motion to dismiss, finding that "the claims in both actions are based on the same conduct—Defendant's marketing efforts using a name almost identical to Plaintiff's. Some of the same evidence is needed to support each claim, and some of the facts essential to the Present Action were presented in the Pending Action."  *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 2020 U.S. Dist. LEXIS 175797, at *16, 2020 WL 5709180 (E.D.N.Y. Sept. 24, 2020).  In addition, Judge Hurley noted that "[c]onsidering the interests of fostering judicial economy, avoiding 'the vexation of concurrent litigation over the same subject,' and the prejudice to Defendant of having to essentially relitigate the same issues while the Pending Action is ongoing, I find that the best course of action is to dismiss the Present Action." *Id.*, 2020 U.S. Dist. LEXIS 175797 at *20.

Defendant filed the instant motion for attorney's fees on December 14, 2020, seeking an award of attorney's fees pursuant to Section 35(a) of the Lanham Act, 28 U.S.C. § 1927, and this Court's inherent authority.  ECF No. 24.  On December 15, 2020, Judge Hurley referred the motion to the undersigned "to issue a Report & Recommendation as to whether the motion for attorney's fees should be granted."

---

[1] Plaintiff was granted several extensions of the time in which to file an amended complaint in that action, however, no amended complaint was ever filed.

2

**DISCUSSION**

In considering a motion for attorney's fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 U.S. Dist. LEXIS 9020, 2017 WL 343905 at *2 (M.D. Fla. Jan. 6, 2017). Although the "American Rule" generally requires each party to bear its own attorneys' fees, courts may award attorneys' fees where there is explicit statutory authority to do so. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 602-03, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994). In addition, the Second Circuit has noted that "as an exception to the American Rule, the inherent power of the court allows the court to award reasonable attorneys' fees to the prevailing party when the opposing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Center Cadillac, Inc. v. Bank of Leumi Trust Co. of N.Y.*, 878 F. Supp. 626, 628 (2d Cir. 1995) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)); *see also United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). Defendant claims it is entitled to attorney's fees pursuant Section 35(a) of the Lanham Act, 28 U.S.C. § 1927, and this Court's inherent authority.

    **I.**    **The Lanham Act**

Defendant argues that it is entitled to its fees under Section 35(a) of the Lanham Act. Def. Mem. at 4-7. Under Section 35(a) of the Lanham Act, the court may award reasonable attorneys' fees to the prevailing party where the case is determined to be exceptional.[2] *See* 15

---

[2] "The Second Circuit has held that the standard for the award of attorney's fees to a prevailing defendant is the same as to a prevailing plaintiff." *New Sensor Corp. v. CE Distribution LLC,* 367 F. Supp. 2d 283, 286-87 (E.D.N.Y. 2005)(citing *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194-95 (2d Cir.1996) ("Nothing ... indicates that a different standard should apply for prevailing plaintiffs and prevailing defendants.")).

3

U.S.C. § 1117(a). Defendant argues that this case may be considered "exceptional" because of Plaintiff's "'litigating position"—i.e., its position that this action was not duplicative of the Original Action—and its litigation tactics." Def. Mem. at 5. Plaintiff contends that Defendant is not the prevailing party and therefore may not recover attorney's fees, Pl. Op at 4-5, that this case is not "exceptional" and that an award of attorney's fees is not justified on the basis of "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Pl. Op. at 8-13; (citing *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530 (2d Cir. 2018)).

First, Defendant may be considered the prevailing party even if the court's final judgment rejects Plaintiff's claim for a non-merits reason. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 948, 136 S. Ct. 1642, 1651, 194 L. Ed. 2d 707 (2016); *Manhattan Review LLC v. Yun*, 919 F.3d 149, 153 (2d Cir. 2019) (applying *CRST* to interpret "prevailing party" under the Lanham Act and Copyright Act). Such a policy fulfills the purpose of "deter[ring] the bringing of lawsuits without foundation." *CRST*, 136 S. Ct. at 1652 (citation omitted). To determine whether a litigant is a prevailing party, district courts are instructed to "focus[] on the 'materiality of a judicial outcome' and 'whether the result is purely procedural or whether it actually accomplishes something substantive for the winning party.'" *Preservation Coalition of Erie County v. Federal Transit Administration,* 356 F.3d 444, 451 (2d Cir. 2004) (quoting *Maine School Administrative District No. 35 v. Mr. & Mrs. R.,* 321 F.3d 9, 17 (1st Cir. 2003)). Here, Defendant has successfully avoided having to defend two substantially similar claims proceeding on separate tracks under separate docket numbers. Thus, Defendant has "prevailed" in this action.

Next, in order to justify the shifting of fees under the Lanham Act, the prevailing party must also show that the case is an "exceptional" one. The Supreme Court has explained that an "exceptional case"

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014). Under this standard, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id*. at 556. The *Octane* test analyzes whether the case in question "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. at 554. When evaluating whether a case is "exceptional," district courts have "wide latitude" to "engage in a 'case-by-case exercise of their discretion, considering the totality of the circumstances.'" *4 Pillar Dynasty LLC v. N.Y. & Co., Inc.,* 933 F.3d 202, 215 (2d Cir. 2019) (quoting *Octane Fitness*, 572 U.S. at 554).

Some "nonexclusive . . . factors" that may guide this inquiry include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L. Ed. 2d 455 (1994)); *see also Manhattan Review*, 919 F.3d at 153 (applying *Octane Fitness* to analyze a fee request "under the identically worded fee-shifting provision in the

5

Lanham Act"); *Louis Vuitton Malletier, S.A. v. My Other Bag,* 764 F. App'x 39, 41-42 (2d Cir. 2019) (same). "Of these factors, 'objective reasonableness . . . should be given substantial weight in determining whether an award of attorneys' fees is warranted.'" *Zalewski v. Cicero Builder Dev., Inc.,* 754 F.3d 95, 108 (2d Cir. 2014) (quoting *Matthew Bender & Co., Inc. v. West. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001)). However, courts have "'broad discretion . . . to take into account a range of considerations beyond the reasonableness of litigating positions.'" *Louis Vuitton*, 764 Fed. App'x at 42 (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988, 195 L. Ed. 2d 368 (2016)). The reasonableness of the plaintiff's litigation position is only one factor in the analysis, "a court may award fees even though the losing party offered reasonable arguments," for example, to "deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable." *Kirtsaen*g, 136 S. Ct. at 1988-89.

Defendant does not, and cannot, contend that the trademark claims asserted in this action are meritless because the merits of the claims are presently being litigated in the prior action. Rather, Defendant argues that Plaintiff "knew this case was duplicative, yet it filed the Complaint anyway." Def. Mem. at 6. According to Defendant, this demonstrates that Plaintiff's filing of the complaint was "objectively unreasonable." *Id*. Thus, Defendant is challenging the manner in which the action has been litigated.

Plaintiff, on the other hand, takes the position "that the filing of [the complaint in this action] was based upon precedent from the Second Circuit, and that the filing of such action— even if it would operate to circumvent an adverse ruling on a motion for leave to amend—is not improper absent a separate determination as to the merits. Since there was no such determination here, the good-faith filing of [the complaint in this action] —standing alone—does not weigh in

6

favor of a fee award to Defendant and/or a finding that [the complaint in this action] was purportedly an 'exceptional'" case." Pl. Mem. at 10-11. To support its position, Plaintiff relies upon *Curtis v. Citibank, N.A*, which states "denial of a motion to amend will not inevitably preclude subsequent litigation of those claims set out in a proposed new complaint. *See Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999). Only denial of leave to amend on the merits precludes subsequent litigation of the claims in the proposed amended complaint." *Curtis v. Citibank, N.A*., 226 F.3d 133, 139 (2d Cir. 2000). Because, here, the motion to amend in the prior pending action between the parties was not resolved on the merits, according to Plaintiff, it was not precluded from filing this action.

In ruling on Defendant's motion to dismiss, Judge Hurley held that "[t]he fact that Plaintiff asserts slightly different legal theories and relief, in particular the claim for misappropriation which did not appear in the Pending Action, does not indicate that Plaintiff has distinct causes of action. . . . Similarly, the fact that some of the conduct alleged in this action occurred after the filing of the Pending Action does not support new causes of action. Therefore, all claims based on Defendant's alleged misuse of Plaintiff's trademark are essentially the same." Order at 13. Accordingly, Judge Hurley dismissed this action as duplicative. In doing so he noted that "the Court cannot condone Plaintiff's conduct vis-à-vis circumventing Judge Lindsay's Order. *Id*. He held that "[c]onsidering the interests of fostering judicial economy, avoiding 'the vexation of concurrent litigation over the same subject,' and the prejudice to Defendant of having to essentially relitigate the same issues while the Pending Action is ongoing, I find that the best course of action is to dismiss the Present Action." *Id*. at 15.

"'Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001). A complaint is

7

frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[T]he question 'is not whether there was a sufficient basis for judgment in favor of defendants, but whether the factual and legal support for plaintiff's position was so lacking as to render its claim . . . objectively unreasonable.'" *Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*, No. 14-CV-9270 (RJS), 2017 WL 3393850 at *2 (S.D.N.Y. Aug. 4, 2017) (examining the standard under the Copyright Act). "[T]he courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Canal+ Imagine UK Ltd. v. Lutvak*, 792 F. Supp. 2d 675, 682 (S.D.N.Y. 2011) (internal quotations omitted).[3]  "[A]lthough *Octane* reduced the showing required for an award on the ground of objective baselessness, courts continue to hold claims of baselessness to a high bar." *Small v. Implant Direct Mfg. LLC*, No. 06 Civ. 683 (NRB), 2014 U.S. Dist. LEXIS 154468, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014). "[M]ost post-Octane cases awarding fees continue to involve substantial litigation misconduct." *Hockeyline, Inc. v. STATS LLC*, No. 13 Civ. 1446 (CM), 2017 U.S. Dist. LEXIS 64948, 2017 WL 1743022, at *5 (S.D.N.Y. Apr. 27, 2017).

Here, Plaintiff advanced a colorable, although unsuccessful argument, that the filing of the complaint in this action was not precluded by the prior action because its motion to amend

---

[3] *See, e.g, Pirri v. Cheek*, No. 19 Civ 180 (PAE), 2020 U.S. Dist. LEXIS 86865, 2020 WL 2520593, at *10-12 (S.D.N.Y. May 18, 2020) (awarding fees where "in the Court's more than eight-and-one-half years on the bench, [plaintiff's] filings stand apart from those of other failed civil plaintiffs for the sheer lack of colorable factual (or legal support); for their tendentious, bizarre, non-responsive and caustically accusatory arguments; and for their disregard for, and selective presentation of, evidence"); *Benihana of Tokyo, LLC v. Benihana, Inc.,* No. 14 Civ. 224 (PAE), 2018 U.S. Dist. LEXIS 124620, 2018 WL 3574864, at *11 (S.D.N.Y. July 25, 2018) (awarding fees where, inter alia, head of plaintiff company explicitly expressed to its outside counsel "an intention to pursue frivolous litigation with the intent of driving up its adversary's costs"); *River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13-CV-3669, 2015 U.S. Dist. LEXIS 82940, 2015 WL 3916271, at *10 (S.D.N.Y. June 25, 2015) (awarding attorney's fees where "defendants engaged in intentional infringement, perpetrated fraud and spoliation, pursued counterclaims grounded in that fraud, and have continued to sell their infringing merchandise throughout this litigation, all with the intent to deceive and profit at the expense of the administration of justice").

had not been denied on the merits.[4]  "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims."  *Small v. Implant Direct Mfg. LLC*, No. 06 Civ. 683 (NRB), 2014 U.S. Dist. LEXIS 154468, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014).  Thus, the filing of this action was not objectively unreasonable.

Next, the Court must consider whether Plaintiff was motivated by an interest in protecting its trademark or was "improperly motivated where it asserts claims not because of their inherent merit, but rather because the party seeks to knowingly gamble on an unreasonable legal theory in order to achieve a secondary gain."  *Agence France Presse v. Morel*, No. 10-CV-2730 (AJN), 2015 U.S. Dist. LEXIS 189008, 2015 WL 13021413, at *5 (S.D.N.Y. Mar. 23, 2015), aff'd, 645 F. App'x 86 (2d Cir. 2016); *see also Reply All Corp. v. Gimlet Media*, 15-CV-4950 (WFK) (PK), 2021 U.S. Dist. LEXIS 69574, 2021 WL 1291103 (E.D.N.Y. Apr. 5, 2021) (awarding attorney's fees under the Lanham act where "Plaintiff advanced multiple baseless damages theories in bad faith with the sole aim of extracting a settlement");  *Gym Door Repairs v. Total Gym Repairs*, No. 15-CV-4244 (JGK) (OTW), 2021 U.S. Dist. LEXIS 34790, 2021 WL 1536442 (S.D.N.Y. Feb.22, 2021) ("It is difficult to believe that Plaintiffs had any reasonable basis to believe that their dragging nineteen different actors in this action, their third concerning Regulation § 155.25, to enforce these rights would be any more successful than their prior two lawsuits. The only possible motivation is anti-competitive behavior"); *I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*, 19-cv-2776, 2020 U.S. Dist. LEXIS 167634, 2020 WL 5518230, at *14 (S.D.N.Y. Sept. 13, 2020) (finding that Plaintiff's motivation was to extract a nuisance value

---

[4] Judge Hurley did reject Plaintiff's argument regarding the continuing tort doctrine, noting that "[s]uch a result would be absurd and fly in the face of many well-settled legal principles, such as judicial economy." Order at 12.

9

settlement, which warranted a finding that the case was "exceptional"); *Janik v. SMG Media, Inc.*, No. 16-CV-7308 (JGK) (AJP), 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018) ("[A] party is improperly motivated where it asserts claims 'not because of [their] inherent merit,' but rather because it seeks to 'knowingly gamble[] on an unreasonable legal theory in order to achieve a secondary gain.'").

With respect to Plaintiff's motivation, Defendant argues that Plaintiff's "litigation tactics were nothing more than a bad-faith attempt to circumvent court orders." Def. Mem. at 6. Plaintiff argues that Defendant "has failed to present this Court with any speculation, and certainly no evidence, that Plaintiff commenced [this action] in bad faith or, more generally, that Plaintiff brought its claims for any reason other than enforcing the rights the law presumes its registered marks possess." Pl. Op. at 11. Plaintiff claims that "it is evident that Plaintiff did not file [this action] in order to advance meritless claims and/or to extract a nuisance value settlement from F&D. To the contrary, Plaintiff filed [this action] to advance additional facts as well as additional theories of liability (e.g. misappropriation)." *Id.* Defendant has not provided any evidence to the Court indicting that Plaintiff was motivated by any desire other than pursing its claims. *See Hello I Am Elliot, Inc. v. Sine,* No. 19-cv-6905, 2021 U.S. Dist. LEXIS 61261, 2021 WL 1191971, at *8 (S.D.N.Y. Mar. 30, 2021) ('[o]n the record of this case, . . ., it is at best conjectural that plaintiffs had an ulterior motive to bring suit. Defendants have offered no evidence to suggest that [Hello I Am Elliot] sued in bad faith, or, more generally, that [Hello I Am Elliot] brought its claims for any reason other than enforcing the rights the law presumed its registered marks possessed)(internal quotation omitted); *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, 14-cv-5213, 2019 U.S. Dist. LEXIS 163253, 2019 WL 4601741 (S.D.N.Y. Sept. 19, 2019) (in evaluating plaintiff's motivation under *Octane* the court held that

10

"Defendants have also failed to show that plaintiff sued it in bad faith, or, more generally, that plaintiff brought its claims for any reason other than enforcing the rights the law presumed its registered marks possessed). This case is easily distinguishable from those case finding improper motivation. Indeed, this action was dismissed because the claims are being actively litigated in the prior action.

In support of its position that Plaintiff can be found to have acted with an improper motivation, Defendant relies upon *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 643 (S.D.N.Y. 2018) and *VIDIVIXI, LLC v. Grattan,* No. 15-CV-7364 (JGK), 2016 U.S. Dist. LEXIS 107688, 2016 WL 4367972, at *3 (S.D.N.Y. Aug. 13, 2016). Neither of these cases supports Defendant's position that Plaintiff acted in bad faith. In *John Wiley & Sons, Inc.,* the court found "obstructive tactics" and "many abuses" including "willful concealment of business entities and profit distribution agreements, which required this Court to issue an adverse inference instruction," violation of the court's orders, and an "incomprehensible decision to plead 52 affirmative defenses . . . knowing that many had been stricken" in a prior case. 327 F. Supp. 3d at 643. Similarly in *VIDIVIXI, LLC v. Grattan*, No. 15-CV-7364 (JGK), 2016 U.S. Dist. LEXIS 107688, 2016 WL 4367972, at *3 (S.D.N.Y. Aug. 13, 2016) where plaintiff had stolen allegedly trademarked furniture from defendant and then voluntarily dismissed the case the Court found that "the plaintiffs' Lanham Act claims were objectively unreasonable, motivated by a competitive ploy to seize partnership property, and led to self-help actions that are the kind of tactics the courts should deter." *Id.* Plaintiff's filing of a separate complaint rather than an amended complaint in a litigation that was already pending hardly rises to this level of conduct.

The final Fogerty factor relates to the need to compensate defendants and to deter opportunistic plaintiffs especially against objectively unreasonable claims. *See Fogerty*, 510 U.S.

11

at 529; *Muller v. Twentieth Century Fox Film Corp.*, No. 08-CV-2550 (DC), 2011 U.S. Dist. LEXIS 98248, 2011 WL 3678712, at *3 (S.D.N.Y. Aug. 22, 2011). "[T]here is an interest in disincentivizing behavior that either violates [the statute] or exploits it for objectively baseless litigation." *Jovani*, 820 F. Supp. 2d at 574 (discussing deterrence with regard to copyright claims); *see Manhattan Review, LLC v. Yun*, 16-cv-0102, 2017 U.S. Dist. LEXIS 155508, 2017 WL 11455317, at *7 (S.D.N.Y. Sept. 21, 2017) (noting that even where "the merits of the . . . Lanham Act claims have not been addressed . . . the goals of compensation and deterrence are furthered by compensating the defendants for litigating against claims that should not have been brought in the first place").

Here, the merits of Plaintiff's claims under the Lanham Act remain the subject of litigation before this Court, albeit in the prior pending action. Deterrence of the behavior engaged in by Plaintiff will not be achieved by an award of attorney's fees under the Lanham Act. *See, e.g., Universal Church, Inc,* 2019 U.S. Dist. LEXIS 163253, 2019 WL 4601741 (finding that the defendants did not establish a need to deter plaintiff where, inter alia, they failed either to show that the plaintiff brought the action to extort a settlement from the defendants, or to "identif[y] a broader pattern of plaintiff's conduct that th[e] Court should discourage.") Indeed, while Defendant has prevailed on its motion to dismiss, "exceptionality requires more in a system in which the American Rule deprives thoroughly successful litigants of attorneys' fees every day, and that more is wanting here." *Id*.

Accordingly, the Court respectfully recommends that Defendant's motion for attorney's fees pursuant to Section 35 of the Lanham Action be denied.

**II.    28 U.S.C. § 1927 and the Court's Inherent Authority**

12

Defendant also argues it is entitled to its fees under 28 U.S.C. § 1927 as well as pursuant to the Court's inherent authority, as this action was dismissed *precisely because* RVC "unreasonably and vexatiously" multiplied the proceedings by flouting court orders and filing an entirely duplicative action. Def. Mem. at 7-10.[5]

Attorney's fees may be awarded under 28 U.S.C. § 1927, which reads:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Similarly, the Second Circuit has noted that "as an exception to the American Rule, the inherent power of the court allows the court to award reasonable attorneys' fees to the prevailing party when the opposing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Center Cadillac, Inc.,* 878 F. Supp. at 628 (quoting *Oliveri*, 803 F.2d at 1272).

In considering whether there has been "bad faith," courts may consider the manner in which the action was brought and the manner in which it was litigated.  *Id.*  The Second Circuit also requires that there be a showing of "clear evidence" that the opposing party's actions were to harass, delay the proceedings, or for otherwise inappropriate reasons.  *Id.* (citing *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)).  Actions are "sanctionable under § 1927 only if they are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"  *Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995) (quoting *Oliveri,* 803 F.2d at 1273); *see also*

---

[5] As noted by Plaintiff, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri*, 803 F.2d at 1273.

13

*Int'l Bhd. of Teamsters,* 948 F.2d at 1345 ("Bad faith is the touchstone of an award under this statute."). "A finding of bad faith in this context requires a district court to determine both that challenged conduct was without a colorable basis and that it was pursued in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Liebowitz v. Bandshell Artist Mgmt.,* No. 20-2304-CV, 2021 U.S. App. LEXIS 21856, 2021 WL 3118938, at *7 (2d Cir. July 23, 2021) (internal quotation omitted). Both "[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). Defendant has not provided any factual support for such a finding.

"Courts in this circuit construe the statute 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *Romeo v. Sherry*, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting *Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985)). While it is clear Plaintiff ignored this Court's orders regarding the filing of an amended complaint in the prior action and initiated this action relying upon much of the same alleged misconduct, "Plaintiff's reckless and overzealous advocacy does not meet the high threshold of constituting 'bad faith.'" *Agoado v. Midland Funding*, No. 14-CV-18 (WFK), 2020 U.S. Dist. LEXIS 181184 (E.D.N.Y. Sept. 30, 2020) (citing *Success Vill. Apartments v. Amalgamated Local*, 376, 234 F.R.D. 36, 40 (D. Conn. 2006) ("An award of sanctions under [section 1927] is highly unusual, and requires a finding of bad faith, which can be established where the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.")).

Accordingly, this Court respectfully recommends that Defendant's motion for attorney's fees pursuant to 28 U.S.C. § 1927 as well as pursuant to the Court's inherent authority, be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
August 18, 2021

                                                   _____/s/_____
                                                   ARLENE R. LINDSAY
                                                   United States Magistrate Judge